Yongmoon Kim
Email: ykim@kimlf.com
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117

Ronald I. LeVine
Email: ron@ronlevinelaw.com
Eileen L. Linarducci
Email: elinarducci@ronlevinelaw.com
LAW OFFICE OF RONALD I. LEVINE, ESQ.
210 River Street, Suite 11
Hackensack, NJ 07601
Tel. (201) 489-7900
Fax (201) 489-1395

*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RICARDO VARELA, *on behalf of himself and those similarly situated*,<br><br>         Plaintiff,<br>    vs.<br><br>PEE DEE MEDICAL COLLECTION SERVICES;<br>MCLEOD HEALTH;<br> and JOHN DOES 1 to 10,<br><br>         Defendants. | **CLASS ACTION COMPLAINT** |

Plaintiff, Ricardo Varela, by way of Class Action Complaint against Defendants Pee Dee Medical Collection Services and McLeod Health (and John Does 1 to 10) states:

### I.    NATURE OF THE ACTION

1.    This class action for statutory damages arises from the Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

## II.  JURISDICTION AND VENUE

2. This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendants regularly do business in this district.

## III.  PARTIES

4. Plaintiff Ricardo Varela ("Plaintiff" or "Varela") is a natural person residing in Essex County, New Jersey.

5. Defendant Pee Dee Medical Collection Services ("PDMCS") is a collection agency with a principal place of business located at 237 Warley Street, Florence, South Carolina 29501.

6. Defendant McLeod Health is a collection agency with a principle place of business located at 237 Warley Street, Florence, South Carolina 29501.

7. The Plaintiff is informed and believes, and on that basis alleges, that Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

8. In this pleading, "Defendants" in the plural refers to all Defendants.

## IV.  FACTS

A. **Background**

9. Defendants are not in the business of extending credit, selling goods or services to consumers.

10. Defendants regularly collect or attempt to collect past-due and defaulted debts of natural persons allegedly owed to others which were incurred primarily for personal, family or household purposes.

11. The principal purpose of Defendants is the collection of debts.

12. When attempting to collect debts, Defendants use the mails, telephone, the internet and other instruments of interstate commerce.

13. Upon information and belief, McLeod Health attempts to collect consumer debts in the name of PDMCS.

14. Defendants have asserted that Plaintiff incurred or owed a certain financial obligation originating and which arose from one or more transaction which were primarily for the Plaintiff's personal, family, or household purposes. ("Debt" or "Account").

15. The Debt arose from one or more transactions which were primarily for the Plaintiff's personal, family, or household purposes.

16. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

17. Defendants contend that the Account was past-due and in default.

18. Defendants are debt collectors.

19. The Account was assigned to Defendants for collecting the Debt.

20. The Account was past-due and in default when it was placed with or assigned to Defendants for collection.

B. **Violations of the FDCPA**

21. In attempts to collect the Debt allegedly owed by Plaintiff, Defendants mailed a collection letter to Plaintiff on December 14, 2017 (the "12/14/17 Letter"). A true but redacted copy of the 12/14/17 Letter is attached as **Exhibit A**.

22. The 12/14/17 Letter was the initial written communication from Defendants to Plaintiff concerning the Debt.

23. Upon information and belief, McLeod Health designed and sent the 12/14/17 Letter in the name of PDMCS in order to create the false belief in Plaintiff and New Jersey consumers that PDMCS was collecting on the debts when, in fact, McLeod Health was collecting the debts.

24. Plaintiff received and reviewed the 12/14/17 Letter.

25. The 12/14/17 Letter states "MCLEOD PHYSICIAN ASSOCIATES AND MH-MRMC ER PHYS REFERRED THIS ACCOUNT TO OUR DEPARTMENT."

26. However, the 12/14/17 Letter does not identify the name of the creditor to whom the debt is owed.

27. By failing to identify the creditor of the Debt, the 12/14/17 Letter leaves the least sophisticated consumer in doubt about to whom the alleged debt is owed and if it is legitimate.

28. Defendants' failure to identify the creditor is false, deceptive, and misleading, which is in violation of the FDCPA.

29. Furthermore, section 1692g(a) of the FDCPA requires a debt collector to convey to the consumer important statutory rights ("Validation Notice").

30. The Validation Notice is an important statutory right which must be sufficiently prominent and be readily noticed. It cannot be overshadowed by its placements, other languages or notice in the letter.

31. However, the Validation Notice on the 12/14/17 Letter is overshadowed and contradicted by a statement "THE DEBT YOU INCURRED HAS BEEN COMPUTERIZED AND CAN BECOME AVAILABLE TO CREDIT GUARANTORS IF WE DO NOT HEAR FROM YOU WITHIN 30 DAYS.  PLEASE LET OUR OFFICE HELP YOU RESOLVE THIS MATTER PROMPTLY BY CALLING US . . . ."

32. By providing a 30-day deadline to call Defendants, Defendants overshadowed the Validation Notice.

33. Lastly, the Validation Notice was defective as the 12/14/17 Letter also failed to include "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that **the debt, or any portion thereof, is disputed**, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector[.]" 15 U.S.C. §1692g(a)(4) (emphasis added).

34. Thus, the least sophisticated consumer would not be aware that a dispute must be sent in order to obtain verification or a copy of a judgment from the debt collector.

35. Further, the least sophisticated consumer would not be aware that disputing a portion of the debt in writing would also require the debt collector to provide verification or a copy of a judgment.

36. Therefore, the 12/14/17 Letter deprived Plaintiff and other New Jersey consumers of truthful, non-misleading, information in connection with Defendants' attempt to collect a debt.

37. Defendants engaged in unlawful practices in violation of the FDCPA including but not limited to 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692g, 1692g(a)(2), 1692g(a)(4), and 1692j.

38. Defendants used the same procedures that they employed in sending the 12/14/17 Letter to Plaintiff when sending the same and/or similar letters to numerous other New Jersey consumers.

## V.  CLASS ACTION ALLEGATIONS

39. This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this action on behalf of himself and others similarly situated. Subject to discovery and further investigation which may cause Plaintiff to narrow, expand or otherwise modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a class initially defined as follows:

> All natural persons with addresses in the United States to whom, beginning December 13, 2017, through and including the final resolution of this case, Defendants sent a written communication in the same or similar form as Exhibit A.

40. Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions but who were mailed a letter using substantially the same form or template as was used to create the 12/14/17 Letter.

41. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

42. The class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

43. There are questions of law and fact common to the members of the class that predominate over questions affecting only individuals, including but not limited to:

    A. Whether Defendants are debt collectors under the FDCPA;

    B. Whether Defendants violated the FDCPA, including but not limited to 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692g, 1692g(a)(2), 1692g(a)(4), 1692g(b), and 1692j; and

    C. Whether Plaintiff and the class are entitled to damages.

44. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the class and will foster economies of time, effort and expense.

45. The claims of the Plaintiff are typical of the claims of the members of the class.

46. The questions of law and/or fact common to the members of the class predominate over any questions affecting only individual members.

47. Plaintiff does not have interests antagonistic to those of the class.

48. The class, of which Plaintiff is a member, is readily identifiable.

49. Plaintiff will fairly and adequately protect the interests of the class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

50. The prosecution of separate actions by individual members of the class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

51. Plaintiff does not anticipate any difficulty in the management of this litigation.

### VI. VIOLATIONS OF THE FDCPA

52. Plaintiff reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

53. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

54. The Debt is a consumer "debt" as defined by 15 U.S.C. § 1692a(5).

55. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

56. Defendants are not "creditors" as defined by 15 U.S.C. § 1692a(4).

57. To the extent McLeod Health is a "creditor," McLeod is still liable under 15 U.S.C. § 1692j(b).

58. The 12/14/17 Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

59. Defendants violated the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692g, 1692g(a)(2), 1692g(a)(4), 1692g(b), and 1692j.

60. The violations of the FDCPA described herein constitute *per se* violations.

61. Based on any one or more of those violations, Defendants are liable to Plaintiff for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ricardo Varela demands judgment against Defendants Pee Dee Medical Collection Services and McLeod Health, as follows:

A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the Class, and appointing the attorneys of Kim Law Firm LLC and the Law Office of Ronald I. LeVine, Esq., as class counsel;

B. For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C. For statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D. For actual damages in favor of Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(1) to the extent the recovery of attorney's fees and costs causes Plaintiff or the Class a negative tax consequence;

E. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

F. For pre-judgment and post-judgment interest; and

G. For such other and further relief as the Court deems equitable and just.

## VIII. JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX. CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

KIM LAW FIRM LLC

Dated: December 13, 2018

*s/ Yongmoon Kim*
Yongmoon Kim
*Attorneys for Plaintiff*