## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICARDO VARELA, *on behalf of himself and those similarly situated*, | Civil Action No. |
| Plaintiff, | 18-17196 (SDW) (LDW) |
| v. | **REPORT AND RECOMMENDATION** |
| PEE DEE MEDICAL COLLECTION SERVICES and MCLEOD HEALTH, | |
| Defendants. | |

**LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court is defendants' motion to dismiss for lack of personal jurisdiction. (ECF No. 12). Plaintiff opposes the motion. (ECF No. 20). The Hon. Susan D. Wigenton, U.S.D.J., referred this motion to the undersigned for a Report and Recommendation. The motion is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. Having considered the parties' written submissions, and for good cause shown, the Court recommends that defendants' motion to dismiss be **DENIED**.

## I.     BACKGROUND

Plaintiff Ricardo Varela resides in New Jersey. (Compl. ¶ 4, ECF No. 1). Defendant McLeod Health provides healthcare services through a network of hospitals, primary care, and family physicians' groups in North and South Carolina. (Harrington Decl. ¶ 5, ECF No. 12-2). Pee Dee Medical Collection Services (along with McLeod Health, "defendants") is a fictitious name used by McLeod Health and its affiliates when attempting to collect unpaid medical bills. (*Id.* ¶ 19). McLeod Health is organized under the laws of South Carolina with a principal place of business in South Carolina. (*Id.* ¶¶ 4, 6-17). Plaintiff does not dispute for purposes of this motion

that defendants do not market or solicit business in New Jersey, do not provide services in New Jersey, have no employees, property, or bank accounts in New Jersey, are not registered to do business in New Jersey, and do not have a registered agent in New Jersey. (*Id.* ¶¶ 20-27).

In the summer of 2017, plaintiff was traveling back from Florida to his home in New Jersey; he stopped in South Carolina and received medical services from McLeod Health. (Varela Aff. ¶¶ 4-5, ECF No. 20-1). Defendants mailed a letter dated December 14, 2017 to plaintiff at his home address in New Jersey requesting payment for a purportedly outstanding medical bill. (Compl. ¶¶ 21-22, Ex. A; Varela Aff. ¶ 10). Thereafter, plaintiff received one phone call from defendants and two additional collection letters dated January 3, 2018 and July 31, 2018 mailed to his home address in New Jersey. (Varela Aff. ¶¶ 11-12, Ex. B). In a putative class action amended complaint dated March 29, 2019, plaintiff alleges that defendants' collection letters are false and misleading in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Defendants now move to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

## II.   DISCUSSION

Plaintiff bears the burden of establishing the court's jurisdiction over a defendant. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009). When the court does not hold an evidentiary hearing, plaintiff must establish only a prima facie case of personal jurisdiction. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Under a prima facie standard, "the plaintiff's allegations are presumed true and all factual disputes are resolved in the plaintiff's favor." *LaSala v. Marfin Popular Bank Pub. Co., Ltd.*, 410 F. App'x 474, 476 (3d Cir. 2011). As a Rule 12(b)(2) motion "is inherently a matter which requires resolution of factual issues outside the pleadings," the court may consider sworn affidavits or other documents in its jurisdictional

2

analysis. *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984). If plaintiff makes a prima facie showing of personal jurisdiction, "the burden shifts to the defendant to establish the presence of other considerations that would render the exercise of personal jurisdiction unreasonable." *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 172 (D.N.J. 2016).

A federal court in New Jersey exercises jurisdiction to the extent permitted by New Jersey law. *See Miller Yacht Sales*, 384 F.3d at 96. New Jersey's long-arm statute provides for the exercise of jurisdiction over non-residents "'to the uttermost limits permitted by the United States Constitution.'" *Charles Gendler & Co., Inc. v. Telecom Equip. Corp.*, 102 N.J. 460, 469 (1986) (quoting *Avdel Corp. v. Mecure*, 58 N.J. 264, 268 (1971)). Therefore, "we ask whether, under the Due Process Clause, the defendant has certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007) (internal quotation and alteration omitted).

The Court can assert either general or specific jurisdiction over a defendant. *Bristol-Myers Squibb Co. v. Super. Ct. Cal.*, 137 S. Ct. 1773, 1780 (2017). Plaintiff claims only specific jurisdiction over the defendants, and as McLeod Health is a South Carolina corporation with a principal place of business in that state, the record before the Court does not establish any basis for the exercise of general jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." (internal quotation and alterations omitted)). The Court may assert specific personal jurisdiction over a defendant when the lawsuit "'aris[es] out of or relate[s] to the defendant's contacts with the forum.'" *Id.* at 127 (quoting *Helicopteros Nacionales*

*de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)).  The Third Circuit has laid out a three-part test to determine whether specific jurisdiction exists:  (1) "the defendant must have purposefully directed [its] activities at the forum"; (2) "the litigation must arise out of or relate to at least one of those activities"; and (3) if the first two requirements are met, the exercise of jurisdiction must "otherwise comport[] with fair play and substantial justice." *O'Connor*, 496 F.3d at 317 (internal quotations omitted).  "A single contact that creates a substantial connection with the forum can be sufficient to support the exercise of personal jurisdiction over a defendant." *Miller Yacht Sales*, 384 F.3d at 96 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 n.18 (1985)).

Here, defendants intentionally mailed three collection letters to plaintiff at his New Jersey address seeking payment of a medical bill, and in so doing, purposely directed collection efforts at the forum state. *See O'Connor*, 496 F.3d at 318 (defendant's mailing of seasonal newsletters and brochure to address in Pennsylvania was evidence that it "deliberately reached into Pennsylvania to target two of its citizens"); *see also Dittig v. Elevate Recoveries, LLC*, Civ. A. No. 16-1155, 2016 WL 4447818, at *2 n.1 (W.D. Pa. Aug. 24, 2016) (finding personal jurisdiction over out-of-state debt collector "based on [defendant's] collection activity directed towards Plaintiff in this forum").  And there can be no doubt that plaintiff's claim that the language of the collection letters was false or misleading under the FDCPA directly arises from the defendants' act of mailing those letters to New Jersey. *See Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 168 (2d Cir. 2015) ("Plaintiffs' FDCPA claims arise directly from [the defendant debt collector's] business communications into New York."); *Gentry v. Leading Edge Recovery Solutions, LLC*, Civ. A. No. 13-3398, 2014 WL 131811, at *4 (D.N.J. Jan. 10, 2014) ("Defendant purposely established the requisite minimum contacts with the State of New York by sending the collection

letter to Plaintiff's debt settlement company in New York. In doing so, the Defendant purposely availed itself of the privilege of conducting activities within the State, thereby invoking the benefits and protections of its laws. Moreover, the Plaintiff's FDCPA claims directly relate to and exclusively arise out of Defendant's transmission of the collection letter to her debt settlement company in New York.").

Defendants dispute any deliberate targeting of New Jersey, arguing that they directed their collection activities at the plaintiff, and not at any particular forum state. In defendants' view, plaintiff himself drew them into the forum by obtaining medical services from McLeod Health in South Carolina and then returning to his home in New Jersey without rendering full payment. Defendants correctly cite *Covenant Bank for Savings v. Cohen* for the proposition that a defendant's contacts with the forum that respond to those *initiated* by the plaintiff may not confer a sufficient basis for specific jurisdiction. 806 F. Supp. 52, 55 (D.N.J. 1992). However, their attempt to shoehorn the facts of this case into the rubric of *Covenant Bank* is misplaced. In *Covenant Bank*, a New Jersey plaintiff reached out from the forum state by telephone to a Pennsylvania defendant and requested certain information; the information provided in response to plaintiff's solicitation was allegedly false. *Id.* at 54-55. The *Covenant Bank* court declined to exercise specific jurisdiction because "[t]he underlying transaction which gives rise to plaintiff's claims against these defendants consists of a single inquiry, initiated by [plaintiff], directed to [the individual defendant] in Philadelphia" but "a resident plaintiff's unilateral acts, directed to a nonresident defendant, do not create sufficient minimum contacts between the nonresident defendant and the forum." *Id.* at 55.

Here, there is nothing in the record to suggest that plaintiff requested a statement of his account or otherwise solicited information regarding his medical bill such that he could be said to

have prompted defendants to send a responsive collection letter to New Jersey.[1]  Every FDCPA plaintiff necessarily solicits credit from a creditor prior to incurring a debt; their claims, however, arise not from the underlying debt, but from the defendant's alleged conduct when initiating debt collection activities.  It follows that the Court's specific jurisdiction inquiry is focused on the debt collector's purposeful collection actions in the forum and whether they relate to plaintiff's statutory claim – the preceding "unilateral act" of plaintiff incurring a debt plays no role in the specific jurisdiction analysis.

Nor is the Court persuaded by defendants' attempt to draw a jurisdictional distinction between third-party debt collectors hired to perform collection services on behalf of creditors and companies like McLeod Health who utilize their own collection departments.  All debt collection activity is technically "responsive" in the sense that the plaintiff must incur a debt before any collection efforts can occur.  But the decision to contact a plaintiff about a debt is proactive, and by directing collection calls or mail to a plaintiff in his or her home state, both third-party and first-party debt collectors purposely avail themselves of the privilege of conducting collection activities within that forum.

Finally, defendants have made no argument that subjecting them to personal jurisdiction in New Jersey would in any way offend the notions of fair play and substantial justice.  "The existence of minimum contacts makes jurisdiction presumptively constitutional, and the defendant 'must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'"  *O'Connor*, 496 F.3d at 324 (quoting *Burger King*, 471 U.S. at 477).  Defendants have not presented any reason why litigating in this Court would impose a burden on them, and

---

[1] *Rodi v. Southern New England School of Law*, 255 F. Supp. 2d 346, 351 (D.N.J. 2003), and other cases cited by defendants in which the plaintiff's initial inquiry prompted defendant to send allegedly false information into the forum state, are similarly inapposite.

the Court is cognizant of "the plaintiff's interest in obtaining convenient and effective relief." *Burger King*, 471 U.S. at 477 (quotation omitted).  The Court concludes that this is not the rare case where an otherwise constitutional exercise of personal jurisdiction would be unreasonable or unfair.  Indeed, this Court's exercise of specific jurisdiction over the out-of-state debt collector aligns with the decisions of a number of other courts in FDCPA actions.  *See, e.g.*, *Proescher v. Sec. Collection Agency*, No. 17-cv-1052-J-32PDB, 2018 WL 3432737, at *6 (M.D. Fla. June 8, 2018) (finding specific jurisdiction over North Carolina debt collector in FDCPA action based on one collection letter mailed to plaintiff in Florida); *Pronesti v. Nat'l Credit Adjusters*, Civ. A. No. 15-6319, 2016 WL 1598858, at *2 (D.N.J. Apr. 20, 2016) (finding specific jurisdiction over Kansas debt collector in FDCPA action where defendant directed "repeated" communications to plaintiff in New Jersey and "these intentional communications form the fabric of her underlying suit"); *Silva v. Jason Head, PLC*, Civ. A. No. 09-5768, 2010 WL 4593704, at *3 (N.D. Cal. Nov. 4, 2010) (finding specific jurisdiction over FDCPA defendant based on single debt collection voicemail in California); *Maloon v. Schwartz, Zweban & Slingbaum, L.L.P.*, 399 F. Supp. 2d 1108, 1112-13 (D. Haw. 2005) (finding specific jurisdiction over Florida debt collector in FDCPA action based on single collection letter mailed to plaintiff in Hawaii); *Sluys v. Hand*, 831 F. Supp. 321, 324 (S.D.N.Y. 1993) ("Where an alleged debtor is located in a jurisdiction and receives documents from a person purporting to be a debt collector located elsewhere, and the transmittal of those documents is claimed to have violated the [FDCPA], suits may be brought where the debtor . . . receive[s] the communications.  Otherwise, one could invoke the protection of distance and send violative letters with relative impunity, at least so far as less well-funded parties are concerned.").

## III.    CONCLUSION

For the foregoing reasons, the Court recommends that defendants' motion to dismiss for lack of personal jurisdiction be **DENIED**.  The parties are hereby advised that, pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, they have 14 days after being served with a copy of this Report and Recommendation to serve and file specific written objections to the Hon. Susan D. Wigenton, U.S.D.J.

Dated:        May 6, 2019

_Leda D. Wettre_
Hon. Leda Dunn Wettre
United States Magistrate Judge

Original:     Clerk of Court
    cc:       Hon. Susan D. Wigenton, U.S.D.J.
              All parties